Desmond, J. (dissenting).
In view of what this court said and held in People v. Gonzalez (293 N. Y. 259) and People v. Gezzo (307 N. Y. 385), I do not see how we can affirm this judgment of conviction. In both the Gonzalez and Gezzo opinions we categorically held that under section 427 of the Code of Criminal Procedure the trial court has no discretion as to whether or not to answer questions propounded by the jury. In both Gonzalez and Gezzo this court approved and readopted the language of the late Chief Judge Lehman in People v. Cooke (292 N. Y. 185, 193): “ The court must give the information *467 requested, and where the court fails to give information requested upon a vital point no appellate court may disregard the error under section 542 of the Code of Criminal Procedure. ’ ’ The defense here was insanity. On defendant’s testimony and the testimony of Dr. Cusack it would have been possible for the jury to find as fact that defendant was insane when he first seized the baby but became sane while the baby was still alive in the place where defendant had concealed it. Pertinent, therefore, was the jury’s question: “If one should beli[e]ve that the defend [ a] nt was insane part of the time, during the commission of the crime must we find in favor of the defendía] nt.” The Trial Judge did not answer that question at all. He told the jurors that it might be possible from what he had already told them that they could come to a conclusion without an answer to that third question and that if they could not do so they should come back and ask it again. However well intentioned that statement of the Trial Judge may have been it was in the eyes of the law a failure and refusal to answer a pertinent question. It would be unfortunate to have to repeat this long and difficult trial but we have no choice if we are to continue to adhere to our flat and positive statements of the rule.
The judgment should be reversed and a new trial ordered.
Dye, Froessel, Van Voorhis and Burke, JJ., concur with Conway, Ch. J.; Desmond, J., dissents in an opinion in which Fuld, J. concurs.
Judgment of conviction affirmed.